IKUTA, Circuit Judge,
dissenting in part:
I disagree only with the majority’s ruling that the district court failed to address Ms. Berrett’s claim relating to public policy. The district court reasonably addressed (and rejected) this claim to the extent Ms. Berrett raised and argued it.
The Berretts argued that they were terminated in violation of public policy both under the Idaho Whistleblower Act and as a common law claim. But Ms. Berrett did not explain how she established the elements of either the statutory or common law claim. In their complaint, the Berretts merely claimed that “Plaintiffs’ terminations from employment were also a common law action that is contrary to the public policy of the State of Idaho.” In their opposition to Clark County’s motion for summary judgment, the Berretts claimed only that “they were terminated in violation of public policy, the ADA and Idaho Code § 6-2101 et seq.” Moreover, their opposition conceded that the public policy exception is triggered “only where an employee is terminated for engaging in some protected activity,” and the “claimed public policy generally must be rooted in ‘case law or statutory language.’ ” Ms.. Ber-rett did not claim that the public policy exception is triggered when an employee is terminated due to the employee’s spouse’s engaging in protected activity, and she failed to point to any ease law or statutory language so holding.
The district court addressed Ms. Ber-rett’s claim and rejected it. The court held that “Ms. Berrett’s situation in the school lunchroom” did not qualify as “ ‘protected activities’ that would be covered under the public policy exception to the at-will doctrine or under the Whistleblower Act.” Noting that “Ms, Berrett has not provided facts to support her termination violated *626 public policy or was due to any concerns she raised under the Whistleblower Act,” the court expressly dismissed her statutory claim and implicitly dismissed her common law claim. Any error in failing to expressly dismiss her common law claim was harmless.
On appeal, Ms. Berrett argues at length that the proffered reason for her termination (budget exceedances) was pretextual, but does not provide any argument or authority supporting a contention that she was fired in violation of Idaho public policy because her spouse engaging in protected activity. Because “[w]e will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim,” Greenwood v. FAA, 28 F.3d 971, 977 (9th Cir. 1994), Ms. Berrett has waived the argument the majority reserves for her, see Martinez-Serrano v. INS, 94 F.3d 1256, 1259 (9th Cir. 1996). Accordingly, remand is unwarranted on Ms. Berrett’s common law claim. Therefore, I respectfully dissent in part.